UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| SOUTHERN FRUIT & VEGETABLE, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 2:17-cv-00001 ) CHIEF JUDGE CRENSHAW |
| J.R. GAW PRODUCE, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Tom Lange Company, Inc.'s Motion to Rule of Objection to General Produce, Inc.'s Perishable Agricultural Commodities Act (the "Act") claim. (Doc. No. 84.) For the following reasons, Tom Lange Company's Motion (Doc. No. 84) is **GRANTED**, its Objection (Doc. No. 80) is **SUSTAINED**, and General Produce's claims (Doc. No. 75) are **DENIED**.

I. PROCEDURAL HISTORY

On April 6, 2017, the Honorable Kevin H. Sharp entered an Agreed Order, in relevant part, establishing a claims procedure under the Act. (Doc. No. 63.) In short, any unpaid supplier of perishable goods to J.R. Produce, Inc., was to file a claim, and then the parties had a chance to object to any claim. (Id.) If there was an objection, the party objecting and the party with the claim were to try to resolve the claim, and if no resolution was reached, they were to file a Motion to Rule on Objections. (Id.) All deadlines have now passed, and the parties followed the procedures established in Judge Sharp's Order. The only objection is Tom Lange Company's objection to General Produce's invoices. (Doc. No. 80.)

## II. STANDARD OF REVIEW

In determining whether an unpaid supplier of perishable goods preserves its trust benefits, the Court treats the objection under the same standard as a motion for summary judgment. See Overton Distributors, Inc. v. Heritage Bank, 340 F.3d 361, 366 (6th Cir. 2003) (reversing the district court's denial of summary judgment when the produce wholesaler failed to preserve its trust benefits). In reviewing a motion for summary judgment, this Court will only consider the narrow question of whether there are "genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A motion for summary judgment requires that the Court view the "inferences to be drawn from the underlying facts . . . in light most favorable to the party opposing the motion." Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). The opponent, however, has the burden of showing that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial'" Matsushita, 475 U.S. at 587. "The mere existence of a scintilla of evidence in support of plaintiff's position, however,] will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986). If the evidence offered by the nonmoving party is "merely colorable," "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. Anderson, 477 U.S. at 479-52. "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." Hill v. White, 190 F.3d 427, 430 (6th Cir. 1999) (citing Anderson, 477 U.S. at 247-49).

III.     ANALYSIS

Tom Lange Company, an intervening plaintiff, objects to General Produce's claim based on its failure to comply with 7 U.S.C. § 499e(c)(3). (Doc. No. 80.) Specifically, Tom Lange Company argues that because General Produce's invoices did not include the words "retains a trust claim over these commodities" (Doc. No. 75-3), General Produce's claims should be denied. (Doc. No. 80 at 3.) General Produce does not dispute that it did not include the words "retains a trust claim over these commodities," (Doc. No. 81 at 3), but instead argues that it substantially complied with the Act, which is all that is required.

The Act provides a "comprehensive regulatory scheme for the sale of produce in interstate commerce." Six L's Packing Co., Inc. v. Beale, 524 Fed. Appx. 148, 152 (6th Cir. 2013). "Under the Act, when a seller, dealer, or supplier ships produce to a buyer, a statutory trust is created upon acceptance of the commodities." Id. (quoting Golman-Hayden Co. v. Fresh Source Produce, Inc., 217 F.3d 348, 350 (5th Cir. 2000). "The trust protects sellers against buyers' financing arrangements by giving sellers priority over secured creditors." Id. "To invoke the Act's protection, sellers must provide buyers written notice of their intention to preserve trust rights." Id. (citing 7 C.F.R. § 46.46(f)(1)).

An unpaid supplier, seller, or agent must give written notice of its intent to preserve the benefits of a trust to the commission merchant, dealer, or broker within a time specified in the statute. 7 U.S.C. § 499e(c)(3) (2012). The written notice may be a usual billing or invoice statement. Id. at (c)(4). However, if it is an invoice statement, it "must include the information required by the last sentence of paragraph (3) and contain on the face of the statement the following: '. . . The seller of these commodities retains a trust claim over these commodities . . .

3

.'" Id. If the provisions of this statute are not followed, the "unpaid supplier, seller, or agent shall lose the benefits of such trust." Id. at (c)(3).

It is undisputed that General Produce did not include the statutory language: "The seller of these commodities retains a trust claim over these commodities . . . ." (Doc. No. 75-2.) The Court is only aware of one case in a district court within the Sixth Circuit where the seller did not use the statutory language, and the court denied the seller's claim. Chiquita Fresh, NA v. Specialty Produce Co., Inc., Nos. 1:02-cv-269, 1:02-cv-272. 1:02-cv-276, 2003 WL 24272404, at *4 (E.D. Tenn. May 2, 2003), *adopted by* 2004 WL 1876746 (Jan. 12, 2004). Courts that overrule objections to claims, however, consistently noted that the seller included the statutory language on the invoices. Heeren, LLC v. Cherry Growers, Inc., No. 1:15-cv-47, 2015 WL 9450851, at *1 (W.D. Mich. Dec. 23, 2015); Crosset Co., LLC v. Al's Produce, LLC, No. 2:15-cv-11619-GCS-DRG, 2015 WL 4506621, at *1 (E.D. Mich. July 23, 2015); In re Cipriano, No. 14-14826, 2015 WL 3441212, at *1 (E.D. Mich. May 28, 2015) Bearden v. Great Lakes Produce and Mktg. LLC, No. 1:12-cv-700, 2013 WL 2318857, at *1 (W.D. Mich. May 28, 2013); La Grasso Bros. Inc. v. Am. Foodservice, L.L.C., No. 10-10711, 2011 WL 891221, at *1 (E.D. Mich. Mar. 11, 2011). The Court agrees that the plain language of the statute must control here. See Cty. of Oakland v. Fed. Hous. Fin. Agency, 716 F.3d 935, 939 (6th Cir. 2013) ("Departure from the plain language of a statute is disfavored and 'appropriate only in rare cases in which the literal application of the statute will produce a result demonstrably at odds with the intentions of its drafter or when the statutory language is ambiguous.'") (quoting Hoge v. Honda of Am. Mfg., Inc., 384 F.3d 238, 246 (6th Cir. 2004)). Accordingly, General Produce did not include the statutorily-required language, and thus lost its trust benefits.

## IV. CONCLUSION

For the foregoing reasons, Tom Lange Company's Objections (Doc. No. 80) are **SUSTAINED**. General Produce's claims (Doc. No. 75) are **DENIED**. Tom Lange Company's Motion to Rule on Objection (Doc. No. 84) is **GRANTED**. Southern Fruit and Vegetable, Inc.'s Motion for Disbursement of Funds (Doc. No. 83) is **GRANTED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE